UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Farion N. Brown and
Donna Brown

     v.                                    Civil No. 16-cv-530-JL
                                                Opinion No. 2017 DNH 094
Wells Fargo Home Mortgage,
et. al.


**ORDER**

    Defendants Wells Fargo and Federal National Mortgage
Association ("FNMA") move to dismiss this action, which is
duplicative of an earlier case filed by the same plaintiffs
against the same defendants upon the same basis of fact and
asserting all but one of the same claims.[1]  Plaintiffs Fairon and
Donna Brown moved to stay this action pending the outcome of
plaintiffs' interlocutory appeal in the earlier-filed action.
For the reasons explained below, the court denies plaintiffs'
motion to stay as moot and grants defendants' motion to dismiss,
substantially for the reasons set forth in defendants'
supporting memorandum.


**I.  Background**

    On November 5, 2015, after receiving an eviction notice at
their foreclosed-upon home, the Browns filed a lawsuit in

---

[1] See Brown v. Wells Fargo Home Mortg., No. 15-cv-467-JL (D.N.H.
filed Nov. 7, 2015) ("Brown I").

Hillsborough County Superior Court.  They brought claims against FNMA, who owned the Browns' mortgage, and Wells Fargo, who serviced it, for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq., Unfair, Deceptive, or Unreasonable Collection Practices Act ("UDUCPA"), N.H. Rev. Stat. Ann. § 358-C:3, and the duty of good faith and fair dealing.  They sought both damages and injunctive relief -- specifically, rescission of the foreclosure sale.

The defendants removed that case to this court and moved to dismiss.  After a full round of briefing, several late-filed addenda from the plaintiffs, and a motion hearing, this court granted defendants' motion to dismiss the Browns' claims (1) challenging the validity of the foreclosure proceedings and seeking as relief rescission of the foreclosure sale,[2] (2) under the UDUCPA and the duty of good faith and fair dealing, and (3) for injunctive relief under RESPA and the ECOA.  Brown v. Wells Fargo, 2016 DNH 102, 3.  The Browns' claims for damages

---

[2] This court dismissed these claims on the grounds that the plaintiffs did not seek to enjoin the foreclosure sale before it occurred, despite admitting to notice thereof.  Brown, 2016 DNH 102, 5-7.  New Hampshire law "bar[s] any action or right of action of the mortgagor based on the validity of the foreclosure" if the mortgagor fails "to petition the superior court . . . to enjoin the scheduled foreclosure sale."  N.H. Rev. Stat. Ann. § 479:25, II.

under RESPA and the ECOA remained in play.  Id.  That order
issued on June 20, 2016.  The Browns filed an interlocutory
appeal challenging this court's dismissal of the Browns' claims
for injunctive relief.  On April 28, 2017, the Court of Appeals
dismissed that appeal for lack or jurisdiction.[3]

While the appeal was pending, the defendants initiated the
eviction proceedings of which they had notified the plaintiffs
in November 2015 -- the very same notice that precipitated the
Browns' first action.  The Browns countered by disputing the
defendants' title to his property.  New Hampshire law dictates
that such a challenge -- a plea of title -- be filed in the
superior court.  N.H. Rev. Stat. Ann. § 540:17; Bank of N.Y.
Mellon v. Dowgiert, 169 N.H. 200, 205 (N.H. 2016) (a plea of
title is "an action or right of action, not a defense" and must
be prosecuted in the superior court).  Filing a plea of title
operates to stay the circuit court's eviction proceedings.  N.H.
Rev. Stat. Ann. § 540:18.

Presumably as their plea of title, on November 28, 2016,
the Browns filed this action in the Hillsborough County Superior
Court.  This complaint, through factual allegations that are
almost word-for-word identical to those in the Browns' first
complaint, challenges the validity of the foreclosure sale and

_____

[3] See Brown I document no. 42.

asserts claims against the same two defendants for violations of
the same statutes -- RESPA, the ECOA, and New Hampshire's
UDUCPA.  The only substantive difference between this complaint
and that in Brown I is replacement of the Browns' dismissed
claim for violation of the duty of good faith and fair dealing
with a claim for breach of fiduciary duty based on the
foreclosure sale, which had already occurred when plaintiffs
filed their Brown I complaint.  In short, the basis for the
Browns' challenge to defendants' title is precisely the same
claims that this court dismissed as barred by N.H. Rev. Stat.
Ann. § 479:25, II[4] -- their claims challenging the validity of
the foreclosure.

## II.   __Defendants' motion to dismiss__

The plaintiffs' complaint in this new action raises three
categories of claims:  (1) claims challenging FNMA's foreclosure
and seeking injunctive relief, which the court dismissed in its
order in the earlier action; (2) claims for damages under RESPA
and the ECOA, which the court allowed to proceed in the earlier
action; and (3) a new claim against both defendants for breach

---

[4] Defendants assert -- and the plaintiffs do not dispute -- that
in making that filing, the plaintiffs failed to timely inform
the Superior Court that its claims had already been dismissed as
barred by New Hampshire law.

of fiduciary duty based on the foreclosure sale.  None of these categories survives defendants' motion to dismiss.

### A.   Issue preclusion

As the defendants cogently explain, issue preclusion bars the plaintiffs' claims challenging FNMA's foreclosure (counts 1 and 2).  Under federal common law, which applies here, see Glob. NAPs, Inc. v. Verizon New England Inc., 603 F.3d 71, 95 (1st Cir. 2010), a previous adjudication estops the litigation of an issue if the following criteria are established:

> (1) an identity of issues (that is, that the issue sought to be precluded is the same as that which was involved in the prior proceeding), (2) actuality of litigation (that is, that the point was actually litigated in the earlier proceeding), (3) finality of the earlier resolution (that is, that the issue was determined by a valid and binding final judgment or order), and (4) the centrality of the adjudication (that is, that the determination of the issue in the prior proceeding was essential to the final judgment or order).

Faigin v. Kelly, 184 F.3d 67, 78 (1st Cir. 1999).  These elements are easily satisfied here.

First, the issues are identical.  As discussed supra, the plaintiffs' claims challenging the foreclosure and the facts underlying them are substantially identical -- indeed, in significant part, word-for-word identical -- in both complaints.[5]

---

[5] See Compl. (doc. no. 1-2) ¶¶ 48-78; Brown I Compl. (doc. no. 1-1) ¶¶ 48-79.

Second, those issues were actually litigated in the previous proceeding.  The defendants moved to dismiss all claims.  The Browns opposed the motion through a series of often late-filed and amended opposition briefs.  The court considered all of defendants' arguments, heard oral argument, and dismissed plaintiffs' claims challenging the validity of FNMA's foreclosure because the Browns failed to raise those issues before the foreclosure sale as required by N.H. Rev. Stat. Ann. § 479:25, II.  See Brown, 2016 DNH 102, 6-8.

Third, that litigation resulted in an order that was "final" for purposes of issue preclusion.[6]  That is, the "parties had a full and fair opportunity to litigate [the] matter," and the court's order dismissing those claims was unequivocal, not tentative, and issued after full briefing and a hearing. O'Reilly v. Malon, 747 F.2d 820, 822-23 (1st Cir. 1984).  The court's order was, therefore, "sufficiently firm to be accorded preclusive effect." Pure Distributors, Inc. v. Baker, 285 F.3d 150, 157 n.5 (1st Cir. 2002) (citing Restatement (Second) of Judgments § 13 (1982)).

Finally, the adjudication of the issues was central to court's order.  The court addressed the plaintiffs' post-

---

[6] Albeit not necessarily "final" in the sense of 28 U.S.C. § 1291.

foreclosure sale attempt to challenge the foreclosure's validity
and concluded that New Hampshire law barred the plaintiffs from
doing so.  Brown, 2016 DNH 102, 6-8.  That determination was
essential to the court's order dismissing plaintiffs' claims and
request for injunctive relief.

### B.   Duplicative claims

Plaintiffs' claims for damages under RESPA and ECOA, which
are proceeding in the earlier action, fare no better.
Plaintiffs reiterate exactly those same claims here, against the
same defendants, and invoke identical facts in support thereof.
What remains for the plaintiffs to prosecute in this action is,
accordingly, "materially on all fours" with their claims in
Brown I.  Cong. Credit Corp. v. AJC Intern., Inc., 42 F.3d 686,
689 (1st Cir. 1994).  Insofar as these claims and the facts
giving rise to them are indistinguishable, a determination in
that action leaves little or nothing to be determined in this
one.  Therefore, the court dismisses plaintiffs' claims for
damages under RESPA and ECOA as duplicative of their earlier-
filed action.

### C.   Breach of fiduciary duty

Finally, plaintiffs' claim for breach of fiduciary duty
must be dismissed for failure to state a claim.  See Fed. R.
Civ. P. 12(b)(6).  The court may dismiss a complaint if the

plaintiff fails to state a claim by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

New Hampshire recognizes that a foreclosing mortgagee, in "executing a power of sale is bound both by the statutory procedural requirements and by a duty to protect the interests of the mortgagor through the exercise of good faith and due diligence." Murphy v. Fin. Dev. Corp., 126 N.H. 536, 540 (1985). This is the duty that the plaintiffs appear to invoke. They allege that the defendants violated it through "the bank's refusal to continue the foreclosure so that Plaintiff [sic] could be evaluated with such short notice to the public, without adequate advertising, and the failure to set an upset price of more than 70% of fair market value."[7]

It is unclear from the pleading whether plaintiffs intend to assert this claim against Wells Fargo. Even if they did, that claim must be dismissed because the obligation to conduct a foreclosure in good faith and with due diligence "do[es] not extend to parties other than the foreclosing mortgagee," such as the loan servicer. Faiella v. Green Tree Servicing LLC, 2016

---

[7] Compl. (doc. no. 1-2) ¶ 87.

DNH 105, 12-13 (DiClerico, J.); Gikas v. JPMorgan Chase Bank,
N.A., 2013 DNH 57, 12 (Laplante, J.).

The plaintiffs' claim against FNMA fares no better.  To the
extent that the plaintiffs challenge FNMA's conduct of the
foreclosure action -- its scheduling or advertising of the sale
and the price it set -- the plaintiffs' claims are time-barred
by the relevant statute of repose:  "No claim challenging the
form of notice, manner of giving notice, or the conduct of the
foreclosure sale shall be brought by the mortgagor or any record
lienholder after one year and one day from the date of the
recording of the foreclosure deed for such sale."  N.H. Rev.
Stat. Ann. § 479:25, II-a.  See also Dowgiert, 169 N.H. at 206.
FNMA submits, and plaintiffs do not dispute, that it recorded
the foreclosure deed in question on October 21, 2015,[8] over one
year and one day before plaintiff filed the instant action on
November 28, 2016.

Even were they not otherwise barred, plaintiffs' claim for
violation of this duty must be dismissed as unsupported by facts
alleged in the complaint.  See Martinez, 792 F.3d at 179.  As
for notice of the foreclosure sale, the plaintiffs' complaint

_____

[8] Mot. to Dismiss Ex. F (doc. no. 6-7).  The court may consider
this document in resolving a motion to dismiss under Fed. R.
Civ. P. 12(b)(6) as a document integral to the complaint.
Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir.
2009).

supports the conclusion, and plaintiffs do not dispute, that they received statutorily-sufficient notice before the sale occurred.[9]  Similarly, New Hampshire law required such notice to be "published once a week for 3 successive weeks in some newspaper of general circulation within the town or county in which the property is situated." N.H. Rev. Stat. Ann. § 479:25, I.  Plaintiffs' complaint offers only the conclusory allegation that "the bank" refused to continue the foreclosure "without adequate advertising"; it adduces no facts supporting that allegation.  Finally, plaintiffs' complaint invokes no facts concerning the insufficiency of the sale price -- such as, for example, the upset price offered by FNMA, the actual sale price, or the alleged fair market value.  See Murphy, 126 N.H. 536 at 541 ("What constitutes a fair price, or whether the mortgagee must establish an upset price, adjourn the sale, or make other reasonable efforts to assure a fair price, depends on the circumstances of each case.").

---

[9] Specifically, the plaintiffs allege that Wells Fargo commenced foreclosure proceedings on July 27, 2015, Compl. (doc. no. 1-2) ¶ 41, some 30 days before the August 26, 2015 sale.  The foreclosure deed indicates that FNMA provided notice to the plaintiffs that same day.  See Mot. to Dismiss Ex. E (doc. no. 6-6).  Though it has since been amended, at the time the sale took place, New Hampshire Rev. Stat. Ann. § 479:25, II required that the mortgagee serve notice of the sale "upon the mortgagor . . . at least 25 days before the sale."  The 30 days' notice provided by FNMA exceeds this requirement.

Furthermore, to the extent that plaintiffs allege that FNMA violated the duty in question by refusing to consider the plaintiffs' mitigation request, this court "has time and again held that lenders have no duty . . . to modify a loan or forbear from foreclosure.'" Towle v. Ocwen Loan Serv., LLC, 2015 DNH 145, 3-4 (McCafferty, J.).  It sees no reason to deviate from that position here.

Accordingly, the court grants defendants' motion to dismiss plaintiffs' claim for "breach of fiduciary duty."

### III. <u>Plaintiffs' motion to stay</u>

The plaintiffs do not counter the defendants' arguments. Specifically, the plaintiffs do not contest that this action is duplicative of their prior action in this court.  They do not argue that the requirements for a showing of issue preclusion have not been met, or that their RESPA and ECOA claims are not identical to and duplicative of those claims pending in the earlier-filed action, or that their complaint supports a claim for "breach of fiduciary duty."

Instead, the plaintiffs cross-moved for a stay of this action pending the outcome of their interlocutory appeal.[10] Because the Court of Appeals has dismissed that appeal as not ripe and because the court concludes that all of plaintiffs'

---

[10] Mot. to Stay (doc. no. 8).

claims are ripe for dismissal, as discussed <u>supra</u> Part II, the court denies that motion as moot.

## IV.   <u>Conclusion</u>

The plaintiff's claims in this action are barred under the doctrine of issue preclusion, are duplicative of claims proceeding in the earlier-filed action, or lack the requisite factual allegations to satisfy Rule 12(b)(6).  The court accordingly GRANTS the defendants' motion to dismiss.[11]  The court further DENIES, as moot, the plaintiffs' motion to stay these proceedings.[12]

The clerk shall enter judgment accordingly and close the case.

        **SO ORDERED.**

                                        _____
                                        Joseph N. Laplante
                                        United States District Judge

Dated:  May 17, 2017

cc:  William C. Sheridan, Esq.
     Michael R. Stanley, Esq.

---

[11] Document no. 6.

[12] Document no. 8.